THE PEOPLE OF THE STATE OF NEW YORK ex rel. MATTHEW KANE, *v*. JOHN HANLEY, as Warden of the City Prison.

(Supreme Court, New York Special Term, October, 1921.)

Habeas corpus — relator cannot be released from a custody into which he has not been placed — bail — constitutional law — statutes — Parole Commission Law, § 5.

> Section 5 of the Parole Commission. Law (Laws of 1915, chap. 579, as amended by Laws of 1916, chap. 287, § 4) is constitutional.
>
> The action of the Parole Commission in revoking a prisoner's parole for breach of the conditions upon which it was granted, is not subject to review.
>
> Where relator who is in custody of the warden of the city prison of the city of New York by virtue of a commitment upon a charge of felony, sues out a writ of habeas corpus to avoid, after he has given bail, being taken into custody under an unexecuted warrant of arrest issued by the parole commission revoking his conditional parole, the writ will be dismissed and relator remanded to the custody of said warden.
>
> Relator's contention that said section 5 of the statute is unconstitutional not only because it encroaches upon the judicial functions vested in the judiciary but that it is also an exercise of the pardoning power which is vested exclusively in the governor of the state, is untenable.

PROCEEDING upon a writ of habeas corpus.

Joseph Shalleck (Maurice F. Cantor, of counsel), for relator.

Edward Swann, district attorney (John Caldwell Myers, deputy assistant district attorney, of counsel), for People.

LYDON, J. This is a habeas corpus proceeding, but it is sought to use the writ of habeas corpus for a very unusual purpose. In effect, the relator is seeking to be released from a custody into which he has not as yet been placed. The relator is now in the custody of the warden of the city prison by virtue of a commitment issued by a magistrate, holding the relator for the Court of General Sessions upon a felonious charge. But the purpose of the relator is not to be discharged from that custody, and, as a matter of fact, bail has been fixed, and he can be discharged upon giving that bail. What the relator is trying to accomplish is to avoid being taken into custody after he shall have given bail on the felony charge, under a warrant for his arrest issued by the parole commission of the city of New York for a breach of his conditional parole from the limits of the New York county penitentiary. The warrant of the parole commission has not yet been executed. Therefore, what the relator really seeks to do herein is to review the action of the parole commission in revoking his conditional parole. This power of recommitment, however, has been held constitutional (*People* v. *Madden,* 120 App. Div. 338), and no provision has been made in the statute creating the commission for reviewing its action in revoking a parole for the prisoner's breach of conditions upon which the parole was granted. The district attorney assumes the position that although the relator has no

right to the relief he asks for, nevertheless, even on the merits of the application the writ should be dismissed. I am of the opinion that this proceeding is improperly before me and the relator's claims should not be considered on a writ of habeas corpus, but as the district attorney has waived all technicalities on the argument, I feel that I am justified in expressing my views on the merits of the application. The question of the constitutionality of the act was argued at length before me by both the relator's counsel and the district attorney, and I shall refer to the points raised by the relator. The relator claims that section 5 of the Parole Commission Law of the city of New York (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287) encroaches upon the judicial functions vested in the judiciary, and is also an exercise of the pardoning power vested exclusively in the governor, and is, therefore, unconstitutional. On this claim the relator contends he should be released. In connection with the above contention, it is pointed out that section 304 of the Prison Law, referring to reformatories, contains a provision as follows, to wit: " Nothing herein contained shall be construed to impair the power of the governor to grant a pardon or commutation in any case," and likewise, that section 219 of the Prison Law has the same provision or saving clause. In construing section 304 of the Prison Law (formerly Laws of 1900, chap. 378, § 24), the court in the case of *People* v. *Madden, supra,* held that by reason of said saving clause it could not be held that the legislature in enacting the said statute had encroached upon the pardoning power of the governor. Conversely, the relator argues that as the Parole Commission Law contains no such saving clause it is unconstitutional. I have examined a number of decisions in other states construing similar statutes, and

I find considerable diversity of opinion. In this state this particular attack has never been made on the Parole Commission Act, although on many other points its constitutionality has been questioned but it has always been upheld. The legislature in enacting this statute was no doubt animated by the desire to make a humane provision in the interest of criminal offenders, to encourage them to reform, without suffering a period of imprisonment of such duration that they might abandon hope of opportunity to regain a standing in the community. The relator has been the recipient of the benefits of this statute, but unfortunately he apparently did not appreciate the consideration and privileges extended to him as it appears he has committed a breach of his conditional parole. He now fears the resultant curtailment of the said benefits, and claims his rights have been prejudiced. I am of the opinion that in determining the technical point now raised by the relator as affecting the constitutionality of such a beneficent statute, I should resolve all doubtful considerations in favor of the validity of the act. I therefore hold that this Parole Commission Law is constitutional, although I am frank to say there is some authority in support of the objection raised by the relator, but the peculiar facts presented in this unusual proceeding do not warrant me in giving the relief prayed for. Furthermore, I prefer that any contrary determination be established by an appellate court, so as to preserve, during the litigation, the *status quo* of the situation created by reason of the statute.

The writ is dismissed and the relator remanded to the custody of the warden of the city prison in the borough of Manhattan.

Writ dismissed.