## SUPREME COURT — SPECIAL TERM — WASHINGTON COUNTY.

### January, 1924.

## PEOPLE EX REL. CHARLES ACKRON v. WILLIAM HUNT, WARDEN.

### (122 Misc. 247.)

HABEAS CORPUS—DISCRETIONARY POWER OF PAROLE BOARD TO REVOKE PAROLE—WRIT DISMISSED.

The exercise of the discretionary power vested in the parole board to revoke a prisoner's parole cannot be reviewed on habeas corpus.

HABEAS CORPUS.

*Carl Sherman, Attorney-General (Harry P. Kehoe, Deputy Attorney-General,* of counsel), for respondent.

ANGELL, J.:

Relator seeks to review by writ of habeas corpus the action of the parole board revoking his parole. Section 215 of the Prison Law of this state provides that if the board of parole " shall have reasonable cause to believe that the prisoner so on parole has violated his parole and has lapsed or is probably about to lapse into criminal ways and company," the prisoner may be retaken. It thus clearly appears that the question of whether a prisoner's parole should be revoked is one solely within the discretionary powers of the parole board. The discretion thus vested by statute in the board of parole cannot be reviewed by a writ of habeas corpus. This would necessarily seem to be true even if there were no authority upon the question. However, in People ex rel. Kane v. Hanley, 116 Misc. Rep. 624, where in a similar case the relator sought to avoid being taken into custody under a warrant for his

arrest issued by the parole commission for a breach of parole, Justice Lydon said: " This power of recommitment, however, has been held constitutional (People v. Madden, 120 App. Div. 338), and no provision has been made in the statute creating the commission for reviewing its action in revoking a parole for the prisoner's breach of conditions upon which the parole was granted. * * * I am of the opinion that this proceeding is improperly before me and the relator's claim should not be considered on a writ of habeas corpus * * *."

It is therefore, necessary to dismiss the writ. Writ dismissed.

Ordered accordingly.