THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENNY SABATINO, Relator, *v.* LEWIS E. LAWES, as Agent and Warden of Sing Sing Prison, Respondent.*

County Court, Westchester County, March 2, 1926.

Crimes — parole — Prison Law, § 243 (as amd. by Laws of 1921, chap. 567), does not make commission of felony condition precedent to rearrest by Board of Parole — relator, upon release through commutation of his sentence by Governor, was subsequently imprisoned pursuant to warrant of Parole Board — Parole Board had jurisdiction over relator under Prison Law, § 215 — relator not entitled to discharge from prison — judgment of Parole Board not subject to review in habeas corpus proceeding.

Section 243 of the Prison Law (as amd. by Laws of 1921, chap. 567), providing that the Governor shall, in reducing the sentences of convicts not subject to the Board of Parole, " annex a condition that such convict shall live and remain at liberty without violating the law, and be subject to the jurisdiction and control of the board of parole for state prisons," does not make it a condition precedent to arrest that a felony be committed.

* Affd., 217 App. Div. 779.

Accordingly, the relator, who, after serving a sentence of approximately nine years, having been previously convicted of a felony, was released by commutation of his sentence by the Governor, but was subsequently imprisoned pursuant to a warrant of the Parole Board, is not entitled to discharge from Sing Sing Prison. The judgment of the Parole Board, which had jurisdiction over the defendant under section 215 of the Prison Law, is not subject to review in a habeas corpus proceeding.

Aᴘᴘʟɪᴄᴀᴛɪᴏɴ for writ of habeas corpus for the discharge of the relator, who had been returned to State prison for violation of parole.

Bʟᴇᴀᴋʟᴇʏ, J. The relator seeks his discharge from the custody of the warden of Sing Sing Prison.

In his petition he alleges that on April 27, 1916, he was sentenced to a term of sixteen years in State prison at Sing Sing; that at the time of his sentence he had been previously convicted of a felony; that he earned commutation and compensation reducing his sentence to approximately nine years; that the Governor commuted his sentence; that he was released and subsequently reimprisoned by virtue of a warrant from the Parole Board.

He alleges that, under section 243 of the Prison Law, he could not be rearrested unless he committed a felony, and that the Parole Board had no jurisdiction over him because he was a second offender.

The return sets up the warrant of arrest as a parole violator in defense of his retention.

Section 243 of the Prison Law, as amended by chapter 567 of the Laws of 1921, reads as follows: " The governor shall, in reducing the sentences of convicts not subject to the jurisdiction of the board of parole, annex a condition *that such convict shall live and remain at liberty without violating the law, and be subject to the jurisdiction and control of the board of parole for state prisons as provided in article eight hereof, excepting section two hundred and eighteen thereof, and also a condition to the effect that if any such convict shall,* during the period between the date of his discharge by reason thereof and the date of the expiration of the full term for which he was sentenced, be convicted of any felony, committed in the interval as aforesaid, he shall, in addition to the sentence which may be imposed for such felony and before beginning the service of such sentence be compelled to serve in the prison or penitentiary in which he may be confined for the felony for which he is so convicted, the remainder of the term without commutation which he would have been compelled to serve but for the commutation of his sentence as provided for in this article; but he may, however, earn compensation in reduction of the remainder of such term."

The portion of the section in italics was not in effect at the time of the relator's sentence. It was in effect, however, at the

time the commutation was granted by the Governor of this State.

This section does not make it a condition precedent to arrest that a felony be committed, but gives to the Parole Board jurisdiction over the relator.

Section 215 of the Prison Law provides as follows: " If the agent and warden of the prison from which such prisoner was paroled, or said board or any member thereof, shall have reasonable cause to believe that the prisoner so on parole has violated his parole and has lapsed or is probably about to lapse into criminal ways or company, then such agent and warden or said board, or any member thereof, may issue his warrant for the retaking of such prisoner."

The judgment of the Parole Board is not subject to review in this proceeding.

The writ is, therefore, dismissed and the relator remanded to the custody of the warden of Sing Sing Prison.