THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD SCHLECTER, Relator, v. EDGAR S. JENNINGS, as Warden of Auburn State Prison, Defendant.

Supreme Court, Cayuga County, October 11, 1927.

Crimes — commutation of sentence — plaintiff was imprisoned after hearing before Parole Board, under Prison Law, § 217, for unlawfully leaving State contrary to restrictions in commutation — relator not entitled to release by habeas corpus — relator cannot be credited with sixteen months he was at liberty under commutation — allowance of commutation, etc., is discretionary with prison authorities and Governor — imprisonment of relator is not sentence ex post facto.

Relator, who was imprisoned after a hearing before the Parole Board as a parole violator under section 217 of the Prison Law in that he unlawfully left this State contrary to the restrictions imposed upon him by the order which commuted his sentence, is not entitled to release by habeas corpus, since the exercise of the discretionary power vested in the Parole Board to revoke a prisoner's parole cannot be reviewed on habeas corpus.

The relator cannot be credited with the sixteen months during which he was at liberty under his commutation, on the theory that he was constructively imprisoned and serving time outside prison, since that contention is contrary to the law and the conditions of his release by the Governor.

Since the allowance of commutation, compensation and release of a convict is discretionary with the prison authorities and the Governor pursuant to sections 235, 236, 237, 242 and 243 of the Prison Law and of article 4, section 5, of the State Constitution, the restriction imposed upon the relator in this instance that he should remain subject to the jurisdiction and control of the Parole Board, was a lawful exercise of the Governor's constitutional power.

Relator's imprisonment was not an aggravation of his sentence ex post facto, for, while the provision of section 243 of the Prison Law subjecting him to the Parole Board was not in effect at the time of his former sentence, it was in effect at the time the Governor granted the commutation. Furthermore, relator was returned to prison, not under the provision subjecting him to the Parole Board, but by the provision of the commutation whereby he forfeited the time conditionally allowed him on the conviction of a felony, which provision was in force when he was sentenced and was not changed by subsequent amendments, and, therefore, was not ex post facto.

PROCEEDINGS upon a writ of habeas corpus.

*Edward Schlechter*, relator in person.

*Albert Ottinger, Attorney-General* [*Almon W. Burrell, Assistant Attorney-General*, of counsel], for the People.

MOSHER, County Judge. The relator was received in State Prison April 14, 1919, on a definite sentence of five years, under judgment of conviction of the Bronx County Court for the crime of burglary, third degree, as a first offense, but the prison records

show two previous convictions for felony.   He remained in actual custody till August 3, 1922, when the Governor, on the recommendation of the Prison Board, allowed him one year, eight months and ten days commutation and compensation, and released him on the following conditions:

" State of New York — Executive Chamber
" *The Governor of the State of New York*
     *To the Agent and Warden of Clinton Prison:*

" Whereas, report has been made to me by the Prison Board dated the 3rd day of July, 1922, of the convicts whose names and records are hereinafter given, recommending that the amount of commutation and compensation which each has earned under the provisions of the law, be allowed:

" *Now, therefore,* in pursuance of the provisions of the Prison Law, I do hereby reduce the sentence of each of the said convicts as recommended by said Board, under the condition that prior to his release from imprisonment by virtue of this reduction of sentence, he does not offend against the laws of the State or the rules of the Prison, and under the further condition that such convict shall live and remain at liberty without violating the law, and be subject to the jurisdiction and control of the Board of Parole for State Prisons as provided in Article 8 of the Prison Law, excepting Sec. 218 thereof, and also under the further condition that if any convict whose sentence is so reduced shall, during the period between the date of his release by reason of such reduction and the date of the expiration of the full term for which he was sentenced, be convicted of any felony committed in the interval, as aforesaid, he shall, in addition to the sentence which may be imposed for such felony and before beginning the service of such sentence, be compelled to serve in the prison or penitentiary in which he may be confined for the felony for which he is so convicted the remainder of the term without commutation, which he would have been compelled to serve but for the reduction of his sentence, but he may, however, earn compensation in reduction of the remainder of such term, and provided further that he willingly and efficiently perform the duties assigned to him prior to his discharge.

" Name of convict, Schlecter, Edward."

He was again received in State prison December 28, 1923, under judgment of conviction of the New York Court of General Sessions, for the crime of burglary, third degree, and sentenced to imprisonment in State prison for three years, with a certificate that he had been in jail nineteen days before sentence was imposed.

Under the conditions imposed by the Governor in reducing the

first mentioned sentence by (1) violating the law and (2) the commission of another felony before the expiration of his term of commuted sentence, he was compelled to serve the commuted time, viz., one year, eight months and ten days, before beginning to serve the second sentence of three years.

The relator contends that he should be credited with the sixteen months he was at liberty, outside the walls, under said commutation, until he was absolutely discharged or declared delinquent, apparently on the theory that such parole was an extension of the prison walls and that he was constructively imprisoned and serving time outside, but that contention is contrary both to the law and the imperative conditions of his release by the Governor. (Opinion of Mr. Justice TAYLOR in *People ex rel. Mark* v. *Lawes*, in Supreme Court, Westchester County, dated September 15, 1926.)

The relator further contends that under section 243 of the Prison Law as it existed in 1919 (Laws of 1916, chap. 358) when he was sentenced, he should have been discharged, and that his release to the Parole Board under the amendment of 1921 (Laws of 1921, chap. 567) could not affect him, and that as to him said amendment is unconstitutional and void, on the ground that the application of said amendment to his case amounts to an aggravation of sentence *ex post facto*, and that the Governor could not annex said conditions, nor require him to accept them or to stipulate himself into penal servitude; but while the portion of the section subjecting him to the Board of Parole was not in effect at the time of his former sentence, it was in effect at the time the Governor granted the commutation, and said section 243 in 1919 provided such discharge should be conditional, and section 5 of article 4 of the State Constitution then and since provided that the Governor shall have the power to grant reprieves, commutations and pardons, upon such conditions and with such restrictions and limitations, as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons, and section 219 of the Prison Law provided that nothing therein contained shall be construed to impair the power of the Governor to grant a pardon or commutation in any case. Under this broad power, independently of any statute, the Governor could lawfully annex said condition. The Governor's constitutional power to commute was in no way impaired by the provision of the Prison Law providing for a parole, and the Governor, in commuting a sentence, has the right to impose any condition which is not illegal, immoral or forbidden by law as in his discretion he thinks wise. The allowance of commutation and compensation and release of the relator was discretionary under sections 235, 236, 237, 242 and 243

of the Prison Law, and section 5 of article 4 of the State Constitution, and whether a prisoner is entitled to a parole is not a matter for the courts, but rests with the prison authorities and the Governor. (*People ex rel. Gibson* v. *Kidney*, 173 N. Y. Supp. 390.) Mandamus will not lie to compel granting a certain commutation of sentence. (Op. Atty.-Gen. 1909, 282.)

Furthermore, relator was returned to prison, not under the provision subjecting him to the Parole Board, but by the latter part of the commutation whereby he forfeited the time conditionally allowed him on the conviction of a felony committed between his release by the commutation and the full expiration of his sentence, which provision was in force in 1919 when he was sentenced and not changed by subsequent amendments, and, therefore, was not *ex post facto.*

Pursuant to said commutation and section 243, the relator, without protest so far as appears, served the remainder of the time which he would have been compelled to serve but for the commutation, and the five years of his former sentence have fully expired, and he is now serving under the subsequent sentence of three years imposed in 1923 for a crime committed after the amendment of 1921, under which, as to this sentence, he is subject to the jurisdiction of the Parole Board.

Relator was again released April 9, 1927, pursuant to said section 243, as amended, and was allowed one year, four months and nine days' commutation and compensation. The terms of this second release were identical with his release of August 3, 1922, imposed by the Governor and accepted by him, but contrary to said rules he made but one report and left the State of New York without leave, and was arrested in Detroit, Mich., and returned to Auburn Prison June 12, 1927, as a parole violator under section 215 of the Prison Law. He appeared before the Board of Parole June 25, 1927, and on June 28, 1927, said Board sustained his delinquency in unlawfully leaving the State, and he was imprisoned in said prison, pursuant to section 217 of the Prison Law (as amd. by Laws of 1919, chap. 198), for a period equal to the expired maximum term of his sentence at the time such delinquency was declared. This section does not make it a condition precedent to arrest that a felony be committed, but gives to the Parole Board jurisdiction over the relator, and this court is without power to interfere with the disposition lawfully made of the relator upon his rearrest and incarceration by virtue of the powers conferred upon the warden and the Board of Parole by article 8 of the Prison Law (*People ex rel. Kane* v. *Hanley*, 116 Misc. 624; *People* v. *Madden,* 120 App. Div. 338), and the exercise of the discretionary

power vested in the Parole Board to revoke a prisoner's parole cannot be reviewed on habeas corpus. (*People ex rel. Ackron* v. *Hunt,* 122 Misc. 247.)

The imprisonment imposed by the judgments of the courts upon the relator has not expired, and will not legally expire until August 19, 1928, unless he is sooner released on parole or absolutely discharged by the Board of Parole of State Prisons.

This writ should, therefore, be dismissed, and the relator remanded to the custody of the defendant. Submit order.