THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW ZURIS, Plaintiff, *v.* EDGAR S. JENNINGS, as Warden of the State Prison at Auburn, N. Y., Defendant.

County Court, Cayuga County, May 9, 1929.

*Andrew Zuris,* relator, in person.

*Hamilton Ward, Attorney-General* [*Richard T. Anderson* of counsel], for the defendant.

MOSHER, J. The relator is committed and detained by virtue of the final judgment of the Chemung County Court, a competent tribunal of criminal jurisdiction, which sentenced him to the State Prison at Auburn for eight years for the crime of assault, second degree, after former conviction of felony, to which, through counsel, he pleaded guilty on the 11th day of February, 1929.

He now contends that having been previously incarcerated therein for a similar term imposed by said court for the same offense on his plea of guilty of the crime of assault, first degree, after former conviction of felony, pursuant to section 222' of the Code of Criminal Procedure, as amended by chapter 597 of the Laws of 1925, his subsequent return to Elmira by order of said court after said section had been declared unconstitutional (*People ex rel. Battista* v. *Christian,* 249 N. Y. 314), and his rearrest and present sentence under indictment therefor, reduced to assault, second degree, constitutes double jeopardy, contrary to section 1938 of the Penal Law and the Constitution, but the Court of Appeals (at p. 321 of that opinion) said: " he has not been placed in jeopardy, for the court was without jurisdiction to try or condemn him. No obstacle to a grand jury's consideration of the charge against him can be seen. The power of indictment now exists in no lesser degree than before his sentence and incarceration."

The relator also claims credit for commutation and compensation on the three years, four months and twenty-five days spent in prison and jail under said former void sentence; but commutation and compensation are not allowable on the twenty-two days thereof spent in jail, and while this court can see no reason in principle or fairness why commutation and compensation should not be allowed on the time he spent in prison under his former void commitment which was calculated as a part of the term of his present sentence pursuant to Penal Law, section 2193, as amended by chapter 410 of the Laws of 1919, allowance thereof is discretionary with the prison authorities and the Governor (*People ex rel. Schlecter* v. *Jennings,* 130 Misc. 748; *People ex rel. Gibson* v. *Kidney,* 173 N. Y. Supp. 390), and not with the courts and mandamus will not lie to compel a certain commutation of sentence. (Op. Attorney-General, 1909, 282.)

Furthermore, these proceedings are prematurely instituted because the relator could not be discharged before October 11, 1930, even if allowed full commutation and compensation.

The writ should, therefore, be dismissed and the relator remanded to the custody of the defendant.