The People of the State of New York ex rel. Frederick Leo Spillman, Respondent, v. Joseph H. Wilson, as Warden of Great Meadow Prison, Comstock, N. Y., Appellant.

Third Department, July 1, 1932.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden, Assistant Attorney-General,* of counsel], for the appellant.

*Harry S. Heckheimer [Anton R. Siegal* and *Edward Grebs* of counsel], for the respondent.

HINMAN, J. Respondent was a third offender. He served a portion of his first sentence, was paroled before its expiration and was subsequently declared delinquent and charged with the unexpired maximum on such first sentence when returned to the prison under a two-year new sentence for another crime on October 14, 1924. The Board of Parole permitted him to commence the second sentence as of December 5, 1925. He was released under the terms of commutation and parole on such second sentence on May 10, 1927, and the full expiration of the said second sentence would have been on October 27, 1927. He committed the crime of grand larceny, second degree, on July 28, 1927, but was not convicted until November 21, 1927, when he apparently pleaded guilty and was returned to prison under a definite sentence of five years with an allowance of sixty-six days' jail time served prior to conviction and sentence. Thereupon he was improperly charged with forfeited commutation of five months and eighteen days on his second sentence (the period between May 10, 1927, and October 27, 1927), it having been a condition of the Governor's commutation thereof that if *convicted* of a felony between the date of his release by reason thereof and the full expiration of his sentence, committed in the interval as aforesaid, he would be required to serve the commuted time in addition to any other sentence which might be imposed. (Correction Law, § 243, as amd. by Laws of 1921, chap. 567.) The charge with forfeited commutation in this case was improper because the *conviction* for the third offense was subsequent to the full expiration of his second sentence. The Special Term apparently discharged the prisoner on that ground and he would have been entitled to discharge from prison if it were not for the fact that the respondent had not yet served the full sentence of five years for

the third offense, which would not expire until November 22, 1932, less sixty-six days' jail time served prior to sentence, unless the Governor, under the authority conferred upon him by the Correction Law, had allowed a diminution of sentence not to exceed five days for each month of such sentence. (Correction Law, §§ 230, subd. 4, 233, 237, 242. See Laws of 1931, chap. 348, in effect July 1, 1931.) It nowhere appears or is claimed that such commutation had been allowed by the Governor. It was a matter vesting solely in his discretion and is not a matter for the courts. (*People ex rel. Mongnc* v. *Lawes*, 225 App. Div. 193; *People ex rel. Schlecter* v. *Jennings*, 130 Misc. 748, 750; affd., 223 App. Div. 814; *People ex rel. Zuris* v. *Jennings*, 134 Misc. 46, 47; affd., 227 App. Div. 763.) Upon the argument before the Special Term the matter of usurping this prerogative of the Governor was mentioned at the outset and the learned justice indicated his familiarity with the law, but in the later consideration of the other element of the case the fact appears to have been overlooked by court and counsel that, even though the respondent was not chargeable with forfeited commutation under his second sentence, the third sentence was still in force and had not been shown to have been commuted by the Governor. The respondent was, therefore, not being illegally detained and was not entitled to discharge. Some nine or ten months remained before the expiration of the maximum term of his third sentence unless earlier terminated by the Governor.

The order discharging respondent should be reversed and the respondent remanded to the custody of the warden of Great Meadow Prison.

All concur; McNAMEE, J., not voting.

Order reversed on the law and respondent remanded to the custody of the warden of Great Meadow Prison.