THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES LA PLACA, Respondent, *v.* Dr. FRANK L. HEACOX, Warden of the Auburn State Prison, or His Agent, Any Parole Officer, or Any Officer Authorized to Serve Criminal Process in This State, Appellant. (Proceeding No. 1.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES LA PLACA, Respondent, *v.* JOSEPH BROPHY, Warden of the Auburn State Prison, and Another, or Their Agents, Any Parole Officer, or Any Officer Authorized to Serve Criminal Process in This State, Appellants. (Proceeding No. 2.)

Fourth Department, April 6, 1933.

*John J. Bennett, Jr. [William H. Tompkins, Deputy Attorney-General, of counsel], for the appellants.*

*H. Nile Eddy, for the respondents.*

EDGCOMB, J. Charles La Placa, a paroled prisoner, contests the validity of the warrant issued for his arrest and retaking for a violation of his parole.

La Placa was convicted of the crime of receiving stolen property, after a trial in the Monroe County Court, and was sentenced to imprisonment in the State prison at Auburn for a term of five years. With his jail allowance his maximum sentence expired on February 3, 1931. He was released on parole February 27, 1930.

If, before the expiration of his five-year sentence, the Parole Board, or any member thereof, had reasonable cause to believe that the relator had violated his parole, or had lapsed or was about to lapse into criminal ways or company, the Board, or any member thereof, had the right to issue a warrant for his arrest and retaking, and if the Board declared him to be delinquent, the statute required that he be imprisoned for a period equal to the unexpired maximum term of his sentence. (Prison Law, §§ 215, 217.)\*

On November 28, 1930, while still at large, La Placa was arrested by the Rochester police. Learning of this fact, and having reasonable grounds to believe that he had violated his parole, a warrant for his arrest and retaking was issued by one of the members of the Parole Board on November 29, 1930. This warrant was held in abeyance, and does not appear to have been executed. Relator was not held by the Rochester police, but was released, and continued to report regularly to the proper probation official until January 12, 1931, when the parole officer was advised that La Placa was wanted in Cattaraugus county upon the charge of grand larceny for stealing an automobile on July 6, 1930. The November 29, 1930, warrant, issued by a member of the Parole Board, was then delivered to the Rochester police for execution, but relator could not be found, and the warrant was not executed.

In the meantime La Placa was indicted by the grand jury of Cattaraugus county for the crime of grand larceny, and on May

---

\* Now Correction Law, §§ 216, 218. See, also, Correction Law, § 223.— [REP.

22, 1931, he pleaded guilty to petit larceny, and was sentenced to the Monroe County Penitentiary for the term of one year.

On May 7, 1931, the Board of Parole of State Prisons declared relator delinquent as of July 6, 1930, the date on which he stole the automobile in Cattaraugus county.

On April 2, 1932, La Placa was discharged from the Monroe County Penitentiary on his last sentence, and was immediately arrested for violating his parole on the November 29, 1930, warrant, which had been held by the Rochester police pending relator's release from the penitentiary. La Placa immediately applied for, and was granted, the writ of habeas corpus in question. Pending the decision of such application he was admitted to bail, and while at liberty was again arrested. On October 5, 1932, he was indicted by the grand jury of Steuben county for the crime of assault, second degree. On October 19, 1932, a second warrant was issued for his arrest and retaking for a violation of his parole. This was the occasion of the writ of certiorari in question. The two proceedings were consolidated.

The writ of habeas corpus was sustained, and relator was discharged and released from imprisonment by reason of the warrant of November 29, 1930. The order of certiorari was also sustained, and relator was also discharged from imprisonment by reason of the warrant dated October 19, 1932.

The action of the Parole Board in revoking relator's parole, and in ordering his retaking is not subject to review in these proceedings. (*People ex rel. Sabatino* v. *Lawes,* 127 Misc. 575; affd., 217 App. Div. 779; *People ex rel. Schlechter* v. *Jennings,* 130 Misc. 748, 751, 752; affd., 223 App. Div. 814; *People ex rel. Ackron* v. *Hunt,* 122 Misc. 247; *People ex rel. Kane* v. *Hanley,* 116 id. 624.)

La Placa, when he was paroled on February 27, 1930, was in the legal custody, and under the control of the agent and warden of Auburn Prison until February 3, 1931, on which date the maximum term specified in his sentence expired. The November 29, 1930, warrant was issued within this limit, and was delivered to the Rochester police for execution on January 12, 1931, before the expiration of said maximum sentence. The fact that the warrant was not actually executed, and that the relator was not actually arrested or recaptured until after the time fixed for the expiration of his original sentence had expired, does not make the warrant invalid. By secreting himself and avoiding arrest, a prisoner, who has violated his parole, cannot claim immunity from recapture. A convict who escapes is not immune from arrest, because, while the police officers are endeavoring to find him, the original term for which he has been sentenced has expired. (*People ex rel.*

*Atkins* v. *Jennings*, 248 N. Y. 46; *People ex rel. Ross* v. *Lawes*, 227 App. Div. 464.)

Nor did the warrant of November 29, 1930, lose its effectiveness, and become *functus officio*, because it had been held and was not executed until April 2, 1932. Another warrant for relator's arrest was not necessary. (*Clark* v. *Cleveland*, 6 Hill, 344; *Haggerty* v. *People*, 53 N. Y. 476; *Murphy* v. *State*, 55 Ala. 252.)

The facts in *Doyle* v. *Russell* (30 Barb. 300); *Sherman* v. *State* (2 Ga. App. 686); *Matter of Broadhead* (74 Kan. 401), and *McQueen* v. *Heck* (41 Tenn. 212), where a warrant was held to have lost its effectiveness and to have become *functus officio*, are entirely different from those in the case at bar. Those cases are not authority for respondent's position.

Standing alone, the warrant of October 19, 1932, was ineffective, having been issued subsequent to February 3, 1931, the date on which relator's maximum sentence expired. The warrant of November 29, 1930, however, was a valid process when issued, and lost none of its force when it was executed on April 2, 1932; relator's arrest thereunder was legal, and he should be returned to Auburn Prison to serve out the unexpired portion of his five-year sentence.

It follows that the order appealed from should be reversed and that the writ of habeas corpus should be dismissed, and the relator remanded. The appeal from that part of the order which sustains the writ of certiorari and releases relator from arrest under the warrant of October 19, 1932, is dismissed as academic, in view of the conclusion reached as to the former warrant.

All concur.

Order reversed on the law, writ of habeas corpus dismissed and motion for order of certiorari denied.