THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK ROSA, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn State Prison, at Auburn, New York, Respondent.— Order affirmed, without costs. All concur. (The order dismisses writ of habeas corpus and remands relator to custody.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEARLE J. MULLIN, Appellant, v. JOSEPH W. MOORE, Chairman of the New York State Board of Parole, and JOSEPH H. BROPHY, Warden of Auburn Prison, Auburn, New York, Respondents.— Order affirmed, without costs. Memorandum: We affirm this order because no ground appears why an order of mandamus or habeas corpus should issue against the warden of Auburn Prison. The return of the warden shows that the relator is being held under a valid commitment upon a conviction of forgery, the sentence being for ten years' imprisonment, which has not yet expired. While there is question whether on the facts stated by the relator there was a violation of his conditional discharge (Correction Law, § 243; Report of the Attorney-General for 1909, p. 804), inasmuch as the crime for which he was convicted and sentenced to ten years' imprisonment was not committed after his discharge, and also whether the ten-year sentence did not begin to run immediately when he was returned to prison after the imposition of the ten-year sentence, whether or not his previous sentence had been completely served (*People* v. *Ingber*, 248 N. Y. 302; *Kirkman* v. *McClaughry*, 152 Fed. 255; *Zerbst* v. *Lyman*, 255 id. 609; Penal Law, § 2190; *People ex rel. Spillman* v. *Wilson*, 236 App. Div. 201), these matters, however important in themselves, are not before us on this appeal. The respondent warden has no present duty in respect to these matters. The chairman of the Board of Parole is apparently not a party to this proceeding. All concur. (The order denies an application for a mandamus.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

ANNA NASCA, as Administratrix, etc., of NICHOLAS NASCA, Deceased, Appellant, v. ST. MARY'S ROMAN CATHOLIC CHURCH SOCIETY, OF DUNKIRK, NEW YORK, Respondent.— Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Per Curiam Memorandum: Mahoney, defendant's janitor, represented defendant in negotiating the contract and in carrying on the work. He was an interested witness and under the well-established rule his credibility was subject to the scrutiny of the jury. Respondent's contention that section 240 of the Labor Law applies to a relationship of employer and employee but not to that of owner and independent contractor is not sound. (*Lester* v. *Graham*, 157 App. Div. 651.) So whether decedent was an employee of defendant or a member of a copartnership which was an independent contractor is of material importance. We are of the opinion that the question whether Mahoney in obtaining and furnishing the scaffold represented defendant or a copartnership composed of decedent and his associates as an independent contractor was fairly for the determination of the jury under all the testimony. Therefore, the direction of the verdict was erroneous. All concur. (The judgment is for defendant in an action for damages for death of intestate caused by a defective scaffold.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.