Coon, J.
Salvatore Spitale was convicted in Court of General Sessions of the County of New York of the crime of grand larceny, first degree, and was sentenced therefor on December 21, 1939, to State prison for a term of not less than five nor more than ten years. He was released on parole on September 5, 1946. He was again taken into custody on October 13, 1948, for violation of the terms of his parole. The Board of Parole fixed the date of his delinquency as January 25, 1948. It is this period between January 25, 1948, and October 13, 1948, which is in controversy. If he was • in constructive custody during this interval he had served his full maximum sentence when this writ was sustained; if he was not in constructive custody and therefore not entitled to credit for that period, his maximum term has not yet expired.
Section 218 of the Correction Law authorizes the Parole Board to declare a prisoner on parole to be delinquent, and states that “ time owed shall date from such delinquency.” It is the date the delinquency occurred or began that controls, not the date of the declaration. (People ex rel. Dote v. Martin, 294 N. Y. 330.) In that case the Parole Board declared on February 17, 1938, that the parolee was delinquent as of November 9, 1937. The court said (p. 333): “He is not entitled to credit for the time which elapsed between the date of his delinquency as fixed by the Parole Board and the date when he was returned to prison.” (Emphasis supplied.)
The return shows without dispute that Spitale was “ declared delinquent as of January 25, 1948 ” and was returned to prison on October 22, 1948, “ owing 1 year, 9 months, 24 days Delinquent Time. ’’ This the Parole Board might lawfully do. Spitale was, therefore, not unlawfully imprisoned, and the writ should have been dismissed.
We are not concerned on this appeal with the nature of the delinquency nor with reviewing the action of the Parole Board. *634 The board has acted within lawful authority. Its action may not be reviewed by habeas corpus. (People ex rel. La Placa v. Heacox, 238 App. Div. 217; People ex rel. Kurzynski v. Hunt, 250 App. Div. 378; People ex rel. Scarola v. Jackson, 276 App. Div. 939.)
The order appealed from should be reversed, the writ dismissed, and Spitale remanded to custody.
Foster, P. J., Heffernan, Brewster and Bergan, JJ., concur. Order reversed, on the law and facts, and writ dismissed and Salvatore Spitale remanded to the custody of the Warden of Clinton Prison.0