## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### June 8, 1917.

### THE PEOPLE v. SAMUEL SIMON.

(178 App. Div. 660.)

FELONY—INDICTMENT AS SECOND OFFENSE—PLEA OF GUILTY AS FIRST OFFENDER.

A defendant indicted for the crime of grand larceny, first degree, as a second offense, by pleading guilty to the charge as a first offense is not entitled to an indeterminate sentence under section 2189 of the Penal Law, where on an examination pursuant to section 485a of the Code of Criminal Procedure he admits that he had been previously convicted of a felony.

SAME—WHEN DEFENDANT NOT ENTITLED TO INDETERMINATE SENTENCE.

By such plea of guilty he escaped the additional punishment which would follow an indictment and conviction as a second offender, but he did not become entitled to the clemency of an indeterminate sentence which the law expressly reserves for a person never before convicted.

APPEAL by the defendant, Samuel Simon, from a judgment of the County Court of Kings county, entered in the office of the clerk of said county on the 18th day of December, 1916, convicting him of the crime of grand larceny in the second degree.

*Frank X. McCaffry,* for the appellant.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

STAPLETON, J.:

The appellant was indicted for the crime of grand larceny, first degree, as a second offense, two previous offenses, one a

misdemeanor and the other a felony, being enumerated.    Upon arraignment he interposed a plea of not guilty.    Later, in open court, and with the approval of the learned county judge presiding, and the district attorney, he withdrew the plea of not guilty and pleaded guilty to the crime of grand larceny, second degree, as a first offense.    In his examination, made pursuant to section 485-a of the Code of Criminal Procedure, he said he had previously been convicted of a felony.    When he was about to be sentenced his counsel moved that the court confine the sentence to such a sentence as it would impose upon a first offender.    The court declined the request, and imposed a sentence of five years in the State prison.    This is the maximum punishment for grand larceny in the second degree as a first offense.·    (Penal Law, § 1297.)

In appealing the defendant contends that the court erred in sentencing him for a fixed period of five years instead of imposing an indeterminate sentence of not less than one nor more than five years, under section 2189 of the Penal Law, which reads: " A person never before convicted of a crime punishable by imprisonment in a State prison, who is convicted in any court in this State of a felony other than murder first or second degree, and sentenced to a State prison, shall be sentenced thereto under an indeterminate sentence, the minimum of which shall not be less than one year, or in case a minimum is fixed by law, not less than such minimum; otherwise, the minimum of such sentence shall not be more than the longest period fixed by law for which the crime is punishable of which the offender is convicted."

Had the defendant been indicted for grand larceny in the second degree, without any allegation as to a second offense, and pleaded guilty, the sentence would be lawful, and the fact of the prior conviction properly ascertained.    (People v. Rosen, 208 N. Y. 169.)    There is no sound distinction in the circumstance that he expressly pleaded guilty as a first offender to a

lesser crime than that charged in the indictment. By his plea he escaped the additional punishment which would follow indictment and conviction as a second offender. He was not entitled to the clemency of an indeterminate sentence, which the law expressly reserves for a person never before convicted.

The judgment of conviction of the County Court of Kings county should be affirmed.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment of conviction of the County Court of Kings county affirmed.