THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK MARK, Relator, *v.* LEWIS E. LAWES, Agent and Warden of Sing Sing Prison, Respondent.

Supreme Court, Westchester County, September 15, 1926.

Crimes — commutation — relator was sentenced for definite period, his sentence was commuted and he was released on conditional pardon — Governor has power to impose conditions under State Constitution, article 4, § 5 — condition was that relator serve remaining period if convicted of crime before expiration of time of sentence — relator was convicted and sentenced and returned to prison — remainder unserved had to be served before service under new sentence.

The relator was convicted of the crime of forgery and sentenced to Sing Sing Prison on October 23, 1916, for the definite term of nine years. Prior to the expiration of that period the Governor granted him a commutation of sentence and his discharge on condition that if prior to the expiration of the period of sentence he was convicted of a felony he would be required to serve the remainder of the term commuted. Before the expiration of the original sentence relator was convicted of attempted grand larceny and sentenced to Sing Sing Prison for two years and he was received at the prison on October 3, 1923. The contention by the relator that his acceptance of the commutation was not binding so far as the condition was concerned on the ground that the Governor did not have the right to impose conditions, cannot be sustained for the Governor has the right to impose conditions under the authority of section 5 of article 4 of the State Constitution.

The relator having violated the condition was required to serve the full unexpired period of his first sentence before service under the second sentence commenced and, therefore, he is still legally in custody.

The relator became subject to the jurisdiction of the Parole Board by reason of one of the conditions imposed by the Governor.

APPLICATION for writ of habeas corpus.

*Frederick Mark*, in person.

*Albert Ottinger, Attorney-General*, for the defendant.

TAYLOR, J.   The relator, on October 23, 1916, was received at Sing Sing Prison on a definite sentence of nine years for the crime of forgery, first degree.   He remained in actual custody there until June 2, 1922.   The then Governor, upon a certificate dated May 6, 1922, signed by the members of the proper board (Prison Law, § 236, as amd. by Laws of 1923, chap. 508), that on his definite term of nine years the relator had earned reduction for commutation and compensation the period of three years four months and twenty days, reduced his sentence so that he would be released on June 2, 1922, and discharged the relator as of that day, all on certain conditions, which the relator accepted, thereby obtaining his release. He was absent from the prison until October 3, 1923, being part of the time at liberty and some of the time under arrest while he was being prosecuted in New York county for another crime committed after his release from the State prison.

He now urges, in effect, that his said acceptance of the conditions imposed by the Governor (which will be hereafter referred to) was and is of no legal moment, because, as the relator asserts, the Governor had no power to impose the conditions.   He is in error in this respect.   The Governor had the power which the relator questions (N. Y. Const. art. 4, § 5), namely, to grant the relator a reprieve, commutation or pardon " upon such conditions and with such restrictions and limitations, as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons."   Not only was the Governor's power thus broad, but its breadth is recognized in the Prison Law, nothing in which " shall be construed to impair " that power. (Prison Law, § 219.)

The conditions so legally imposed upon the relator were, in effect: (a) That he would not, before his release, offend against the laws of the State or rules of the prison; (b) that he should live and remain at liberty without violating the law; (c) that he should be subject to the jurisdiction of the Board of Parole for State prisons, as provided in article 8 of the Prison Law, excepting section 218 thereof; and (d) that, if relator, during the period from the date of his release and the date of expiration of his full term, should be convicted of any felony committed in the interval, then, in addition to the sentence imposed for such felony, and before beginning the service thereof, he should be compelled to serve in the same prison the remainder of the term without commutation, which he would

have been compelled to serve but for the reduction of his sentence; but he might earn compensation in reduction of the remainder of such term, and provided, further, that he willingly and efficiently should perform the duties assigned to him prior to his discharge. Such conditions, so lawfully imposed and so accepted, were, unfortunately, not in all respects complied with by the relator. (1) After his release he violated the law; and (2) was convicted on his own confession, between the prescribed dates, of a felony, to wit, in New York county, of the crime of attempted grand larceny, second degree, upon which he was sentenced for two years. He was returned to Sing Sing on October 3, 1923, as stated.

I hold that he was bound, under all the circumstances, before commencing his said two-year term, to serve in that prison (less possible compensation to be earned) the three years four months and twenty days reduction earned, and forfeited by him as above related, on his first-mentioned sentence of nine years. Therefore, he is still legally in custody. I determine that there is no force to his suggestion, argued with some ingenuity, that while he was at liberty, before committing the second felony, he was " imprisoned " and during that period " serving " his sentence. Neither the law nor the conditions of his release by the Governor contemplated any such absurdity. It is true that, as a convict serving a definite sentence, he was not originally under the jurisdiction of the Parole Board, which declared him delinquent prior to his being received at the prison, after his conviction in New York county in 1923. He became subject to that Board's jurisdiction and control, however, because of one of the Governor's specified lawful conditions of the relator's aforesaid release, so accepted by the relator.

The writ of habeas corpus is dismissed, and the relator is remanded to the custody of the warden of Sing Sing Prison. Submit order.