THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT E. Ross, Appellant, *v.* LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y., Respondent.

Second Department, December 31, 1929.

*Herbert E. Ross,* appellant in person.

*Almon W. Burrell, Assistant Attorney-General [Hamilton Ward, Attorney-General,* with him on the brief], for the respondent.

KAPPER, J. Relator petitioned for a writ of habeas corpus. His writ was dismissed, and he appeals. The appeal is heard on the original papers. His petition states that in May, 1927, he was sentenced by the Court of General Sessions of the County of New York to imprisonment under a determinate sentence of two years and six months, and that such term of imprisonment " less compensation for good behavior and work " expired on February 8, 1929, and that he has been " unlawfully held since that date; " that in November, 1919, he was sentenced, as a second offender, by the Court of General Sessions to imprisonment for five years, and that he served three years and four months under that sentence, " having earned one year and eight months compensation for good behavior and faithful work; " that " instead of being discharged, as stipulated by law," he was " conditionally released on parole; " and "after making four monthly reports I consulted an attorney who advised me regarding the law, and discontinued reports." He further alleges that it is for the period for which he was conditionally released on parole under the earlier imprisonment that he is now being held in Sing Sing Prison, " although my maximum sentence had expired prior to the commission of the last offense." The respondent warden, in his return to the writ, shows that relator, after being under sentence commencing December 11, 1919, for the term of five years for felony, was released under parole pursuant to the Governor's commutation on March 16, 1923, he then having one year, seven months and twenty-five days to serve; that the relator's criminal record showed a previous conviction for felony; that the Governor's commutation placed him under the

jurisdiction of the Board of Parole, with the requirement to live an upright life and also to be subjected to confinement for the unexpired portion of his sentence if convicted of a felony committed in the interval; that on May 26, 1923, the relator violated his parole by failing to report, the Board thereupon determining him to be a delinquent; that on that date the time of his sentence stopped running; that he was not located until May, 1926, when it was found that he was confined in the New York Penitentiary for the crime of petit larceny, and that upon his release from the last-mentioned institution he was rearrested and convicted for the crime of attempted grand larceny in the second degree and sentenced to two years and six months, commencing May 26, 1927; that upon his return to Sing Sing under said last-mentioned sentence the relator was charged with having forfeited his commutation under the first-mentioned sentence, the basis of the charge being the delinquency declared against him on May 26, 1923, while under parole, and that " the crime for which he was convicted occurred while the original sentence of December 11, 1919, was still unserved." If, by this averment, the respondent means to be understood that the relator committed a felony while he was on parole, the return does not bear out such claim, the minutes of the Court of General Sessions showing that the crime for which the relator was last imprisoned was committed April 17, 1926, that date being subsequent to what would have been the expiration of the term of the first sentence had the full period of imprisonment been served. The relator has submitted a brief, the point of which is that as the law stood in 1919 upon his conviction and sentence of five years as a second offender, he was not amenable to the jurisdiction of the Board of Parole. Hence, he claims that he was quite within his rights in refusing to report monthly as required by the Board of Parole, and could not, therefore, be declared a delinquent. He further argues that the amendment of 1921 (Chap. 567) to section 243 of the Prison Law,* which empowered the Governor to subject persons incarcerated under what is known as straight sentences to the jurisdiction of the Board of Parole, cannot be made applicable to him, in view of the state of the law at the time he was sentenced. We considered the subject in *People ex rel. Mongno* v. *Lawes* (225 App. Div. 193), and concluded that the Governor, pursuant to his constitutional power of commutation (Const. art. 4, § 5), could utilize the Board of Parole as an agency in annexing conditions to the commutation, and vest that Board with authority to aid in seeing that the conditions were enforced.

---

* Now Correction Law, § 243, as amd. by Laws of 1929, chap. 243.— [Rep.

The statute, therefore, was regarded by us as advisory only, and that it was not *ex post facto* as increasing punishment, the reduction of sentence being the direct antithesis to an increase of punishment, such reduction, however, being wholly within the discretion of the Governor.

The same view appears to have been held in *People ex rel. Schlecter* v. *Jennings* (130 Misc. 748; affd., 223 App. Div. 814).

There remains the question whether the parole violation authorized the retention of the relator although the period of his first sentence had fully expired. It is to be pointed out at this time that there is no dispute of the relator's delinquency in the violation of his parole. He himself asserts it in his petition for the writ. He has filed no traverse to the warden's return. In *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46, 53) it is pointed out that one who escapes while on parole may not claim, after recapture, that the period fixed for his term of imprisonment had fully expired at the time of his recapture. In this case there is no dispute that the relator's delinquency was willful. Whether the crime for which he was sent to the New York Penitentiary was committed during the period covered by the first sentence, does not clearly appear. At any rate, that is not material excepting in so far as it bears upon his leading the kind of life imposed by the Governor's conditions. The *Atkins Case (supra)* justifies the exaction of a service by the relator of the balance of his original term for which he had been granted commutation from the time that his delinquency was declared and as to which, as stated, he offers no dispute. The conditions imposed by the Governor required the relator to keep the Parole Board, through the Superintendent of State Prisons, advised as to his employment, his associations, his earnings, his surroundings, his recreations, his successes and his failures. During the entire period of his parole he was to subject himself to the superintendence and authority of the Board of Parole. If the relator is correct he could secrete himself while his commutation was running, consort with evil persons and live a flagrant and improper life, and there could be no expiation to the State for its act of grace in commuting if he were not recaptured until after the time fixed for the expiration of his original sentence.

I think the order dismissing the writ should be affirmed, and so advise.

LAZANSKY, P. J., RICH, YOUNG and CARSWELL, JJ., concur.

Order dismissing writ of habeas corpus affirmed.