THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH Ross, Appellant, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, Respondent.— Order dismissing writ of habeas corpus affirmed. The relator's contention, that he cannot be returned to prison for a violation of his parole unless he has been guilty of the

---

* Affd., 265 N. Y. 657.

commission of a felony while on parole, is met by the amendment of 1921 (Laws of 1921, chap. 567) of section 243 of the Prison Law, which subjects a prisoner whose sentence is reduced by the Governor to the control of the Board of Parole, and even though the relator's sentence commenced prior to said amendment, the amendment was applicable to the relator. (*People ex rel. Mongno* v. *Lawes*, 225 App. Div. 193; *People ex rel. Ross* v. *Lawes*, 227 id. 464.) "Parole is not a right, but a privilege, to be granted or withheld as discretion may impel." (*People ex rel. Cecere* v. *Jennings*, 250 N. Y. at p. 241.) And in that case it was also said regarding the effect of a parole release, that the prisoner "went forth from prison walls, but remained even then, until the expiration of the maximum term, in the legal custody and under the control of the warden of the prison" (p. 240). As above shown, the amendment to section 243 of the Prison Law subjects the relator to the jurisdiction and control of the Parole Board. The action of the Parole Board in revoking a parole and directing that the released prisoner be retaken is not subject to review. (*People ex rel. La Placa* v. *Heacox*, 238 App. Div. at p. 219, and cases there cited.) Section 243 of the Prison Law is now section 243 of the Correction Law, and the latter statute comprehensively determines parole conditions and violations thereof. (§§ 215–220.) Lazansky, P. J., Kapper and Carswell, JJ., concur; Tompkins, J., dissents and votes for a reversal of the order appealed from and the sustaining of the writ of habeas corpus and the discharge of the relator. The relator having been sentenced for a definite term as a second offender and having been released from custody by order of the Governor after allowances for commutation and compensation certified to the Governor by the Prison Board, it is my opinion that the relator could not lawfully be reincarcerated unless he was convicted of a felony after such discharge, and that even if the Parole Board had a right to exact from him certain promises as a condition of his discharge, there is no proof in the record, or allegation in the return, of the commission of any crime or the violation of any law by the relator, or of the violation, after his discharge, of any promise made by him to the Parole Board. Scudder, J., not voting.