THOMAS A. JENKS, Appellant, v. WILLIAM MOSS, Respondent.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the defendant shall, within ten days, stipulate to reduce the verdict to the sum of $3,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly and as so modified is, together with the order, affirmed, without costs of this appeal to either party. All concur, except Sears, P. J., and Thompson, J., who dissent and vote for affirmance. (The judgment was for damages for personal injuries in an automobile negligence action. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

CHRISTINE HILL, Appellant, v. WILLIAM MOSS, Respondent.— Same decision and like cause of action as in companion case (*Jenks* v. *Moss, ante,* p. 880). Present Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES HURLEY, Appellant.— Judgment of conviction affirmed. All concur. (The judgment convicts defendant of the crime of robbery, first degree.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

ELSIE CUNNINGHAM, as Administratrix, etc., of ELAINE JOYCE CUNNINGHAM, Deceased, Respondent, v. CITY OF NIAGARA FALLS, NEW YORK, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: On an appeal from a judgment in favor of the plaintiff entered on a verdict rendered at the first trial in this action we reversed the judgment on the law and the facts, and ordered a new trial. A second trial has now been had and another judgment in favor of the plaintiff entered on a jury verdict has resulted. We find no substantial difference between the evidence on the two trials — at least, none sufficient to warrant a different conclusion. The grounds of our decision are stated in the opinion by Mr. Justice Edgcomb (reported at 242 App. Div. 39). All concur. (The judgment was for damages for death of plaintiff's intestate resulting from drowning in a lake in a public park. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AMOS PARKER, Appellant, v. JOSEPH H. BROPHY, as Warden of Auburn Prison, Auburn, New York, Respondent. — Order affirmed, without costs. Memorandum: The relator makes no claim that he was innocent of violation of his parole. His claim is that the law changing the conditions of parole, passed after his crime was committed, was *ex post facto* as to him. Such claim is not well founded. (*People ex rel. Mongno* v. *Lawes,* 225 App. Div. 193; *People ex rel. Ross* v. *Lawes,* 227 id. 464; 242 id. 638.) The case of *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46), relied on by relator, is not applicable. There it was held that there had been no violation of the only parole conditions that had been imposed by the Governor, and that the additional conditions imposed by the Parole Board were illegal. Here the conditions of parole were properly imposed (See parole order of the Governor and section 242 of Correction Law) and there is no showing or even claim that such conditions were not broken. All concur. (The order dismisses a writ of habeas corpus.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.