THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR PAGE, Respondent, *v.* JOSEPH H. BROPHY, as Warden of Auburn Prison, Auburn, New York.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, June 30, 1936.

*John J. Bennett, Jr., Attorney-General [Caleb Candee Brown, Jr.,* and *Edward T. Boyle, Assistant Attorneys-General,* of counsel], for the appellant.

*McCarthy, Dougherty & Madden [Raymond B. Madden* of counsel], for the respondent.

THOMPSON, J.  In a habeas corpus proceeding relator has procured an order for his release from prison, upon the ground that the Parole Board, upon whose warrant he is detained as a delinquent prisoner, was without jurisdiction to issue it.  On June 11, 1927, relator was convicted of the crime of receiving stolen property, and sentenced to a term of not less than ten years, nor more than twenty, in Auburn State Prison.  On May 23, 1928, the Governor commuted this sentence to eleven months and sixteen days, minimum, and twenty years, maximum.  At the end of the clause in the commutation which states the sentence as commuted, there appear the words, " and will terminate May 28, 1928."  The commutation was granted upon the express condition that if relator should be convicted of a felony during the period " between the date of his discharge by reason hereof and the date of the expiration of the full term hereby commuted, he shall be deemed an escaped convict,  *  *  *  and in addition to the penalty which may be imposed for the felony committed  *  *  *  he shall be compelled to serve  *  *  *  the portion of the term hereby commuted."  The Governor imposed no other condition.  On May 28, 1928, relator appeared before the Board of Parole and signed the usual release form prescribed by the Board of Parole (Correction Law, § 215), and was forthwith released by order of the Board. It is not claimed that relator rendered himself amenable to the jurisdiction and process of the Parole Board by his act in signing the parole agreement, nor is there basis for such a contention. (*People ex rel. Sabatino* v. *Jennings,* 221 App. Div. 418.)  On August 15, 1935, relator was returned to prison as a parole violator. It does not appear that there has been any violation of the Governor's condition.  Relator contends, and the Special Term has held, that the Governor's order was effective to terminate his imprisonment, and require his release; that it ousted the Parole Board of all further jurisdiction over him, and that his apprehension and detention, under its warrant, was illegal.

There can be no question of the Governor's unlimited power to grant reprieves, commutations and pardons upon such conditions, and with such restrictions and limitations, as he thinks proper. (State Const. art. 4, § 5.)  The discretion conferred upon him by this provision of the Constitution cannot be limited either by

statute or decision. (*People* v. *Burns*, 77 Hun, 92; affd., 143 N. Y. 665; *Matter of Whalen*, 65 Hun, 619; 19 N. Y. Supp. 915; Opinions Attorney-General [1930], pp. 279, 284.) Hence, our inquiry is confined to the question of the Governor's intention in commuting relator's sentence, as expressed by the terms of the commutation. It seems to me that the plain reading of the order of commutation demonstrates that it was his intention to reduce the minimum of the sentence and to stop there. It recites that the sentence was for the term of ten years minimum, and twenty years maximum. In its *ordering* part it provides: " We do hereby commute the said punishment to imprisonment in the Auburn State Prison for the term of 11 mos. 16 days min.— 20 yrs. max.— without compensation from June 13, 1927, and will terminate May 28, 1928." There is but one meaning to impute to the words the Governor chose to use in the reduction of the relator's sentence, and that is, that the sentence of ten years minimum and twenty years maximum was commuted to eleven months and sixteen days minimum, *and twenty years maximum*. The words " will terminate May 28, 1928," do not render void the definite statement that the punishment, when reduced, is to be eleven months and sixteen days minimum, *and twenty years maximum*. It is obvious that they apply only to the minimum part of the sentence, as reduced. " The commutation does not annul the sentence of the court, but is, *pro tanto*, an affirmance of it, with a modification." (*Ex Parte Collins*, 94 Mo. 22, 25; 6 S. W. 345; *People ex rel. Patrick* v. *Frost*, 133 App. Div. 179, 183.) "An indeterminate sentence is regarded as a sentence for the maximum term prescribed." (*People* v. *Washington*, 264 N. Y. 335, 338.)

It is apparent that in reducing the minimum and retaining the maximum, the Governor did not seek to deprive the Parole Board of jurisdiction, but sought only to change the sentence so that the Board might at once have authority to consider the question of relator's release on parole, in accordance with its rules. (Correction Law, §§ 212, 214; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.)

The condition that relator should be deemed an escaped convict with respect to the commuted term, if he was convicted of a felony committed during the period between the date of his discharge by reason of the commutation and the date of the expiration of the full term commuted, was required to be annexed by the Governor, " in reducing the sentences of convicts *not* subject to the jurisdiction of the Board of Parole " by section 243 of the Prison Law (now section 242 of the Correction Law) as it was in 1920. By chapter 567 of the Laws of 1921 the section was amended by adding

a requirement that a condition that such convict should be subject to the jurisdiction and control of the Board of Parole for State Prisons should be annexed by the Governor in reducing the sentence of convicts, *not* subject to the jurisdiction of the Board of Parole. As already seen, this statute had no application to the case of the relator, he being confined under an indeterminate sentence, and so *subject* to the jurisdiction of the Board of Parole. The placing of the condition, however, did not take away or supersede the jurisdiction of the Board of Parole. It was a " condition, restriction or limitation," which the Governor might impose (*People ex rel. Ross* v. *Lawes*, 227 App. Div. 464; *People ex rel. Mongno* v. *Lawes*, 225 id. 193), but, as seen above, need not, according as he thought proper.

The instrument of commutation nowhere orders the release of relator from custody, nor was it effective in and of itself to require that he be released. The sentence was still an indeterminate one, subject to the action of the Board of Parole for State Prisons; the only change being a reduction of the minimum.

In *People ex rel. Cecere* v. *Jennings* (250 N. Y. 239, 240) the Governor commuted a term of not less than five years nor more than twenty, to a minimum of two years five months and nine days, and the same maximum as before. " The sentence was still an indeterminate one, subject to the action of the Board of Parole for State Prisons, the only change being a reduction of the minimum," said the court in its opinion, citing *People ex rel. Atkins* v. *Jennings* (*supra*).

In *People ex rel. Atkins* v. *Jennings* (*supra*) the Governor commuted a straight sentence, under which relator was imprisoned in the State Prison at Auburn, to an indeterminate term, upon the same condition that was imposed in the commutation in the case at bar. Relator was almost at once discharged from prison by the State Board of Parole. Upon being reincarcerated by warrant of the Board of Parole, he challenged its jurisdiction to issue the warrant by habeas corpus. The court held that the change from a determinate to an indeterminate sentence did not entitle the prisoner to his immediate discharge, its opinion reciting, among other things: " Some authority had to fix the date thereof. He was thereby enabled to apply therefor to the State Board of Parole. (Prison Law [Cons. Laws, ch. 43], § 214.) Clearly that was what the Governor had in contemplation when he commuted the sentence; otherwise he would have ordered the discharge of the prisoner forthwith." So far as it may concern the question under discussion, the changing of a sentence from straight to indeterminate is not different from the changing of an indeterminate sentence by reducing

the minimum and retaining the maximum, the determinate character of the sentence and the jurisdiction of the Parole Board following in both cases.

As in *People ex rel. Brackett* v. *Kaiser* (209 App. Div. 722), confusion has arisen in this case " by the use of words appropriate to the case of a definite sentence but inappropriate to the case of an indeterminate sentence." The difficulty in both cases is due to the use of a form designed for cases of commutations of straight and not indeterminate sentences. There, as here, however, the terms of the commutation show that the Governor did not intend to change the maximum limit. He merely reduced the minimum. Hence, the Board of Parole retained jurisdiction.

We conclude that the Governor did not intend to change the sentence of relator from an indeterminate to a straight sentence, but that, according to the clear meaning of the terms of the commutation, he intended only to reduce the minimum, leaving the maximum of the sentence as it was.

The Parole Board had jurisdiction to issue the warrant and cause the arrest of the relator, and such warrant furnishes full authority to the warden for the detention of relator in the State Prison at Auburn. It follows that the order should be reversed and the relator remanded.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed on the law, without costs, writ of habeas corpus dismissed and relator remanded to custody.