THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY J. KLEINGER, Appellant, *v.* JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, N. Y., Respondent.

Third Department, June 22, 1938.

*Henry J. Kleinger*, appellant, in person.

*John J. Bennett, Jr., Attorney-General* [*Everett D. Mereness* and *Patrick H. Clune, Assistant Attorneys-General,* of counsel], for the respondent.

RHODES, J. Relator claims that rightfully the term of his definite sentence has expired, but that an amendment to the Correction Law enacted subsequent to his sentence has been erroneously construed as applying to him, and as modifying his original term of imprisonment so that it has been changed and made more burdensome; that such added burden improperly applied to him is *ex post facto* and illegal, and that thereby acts and rulings of the Parole Board and prison officials have resulted in his detention beyond the date when he was entitled to release from custody.

He was received in Sing Sing Prison June 22, 1925, from the County Court of Westchester county, under a definite sentence of fifteen years for the crime of robbery first degree, as a first offender, with an allowance of 156 days' jail time. He had been indicted as a second offender, but was permitted to plead guilty as a first offender. At that time punishment for robbery, first degree, under section 2125 of the Penal Law was imprisonment for a term not exceeding twenty years.

At the time of the sentence in question appellant was not a first offender and was not entitled to an indeterminate sentence, even though he was convicted as a first offender. Section 2189 of the Penal Law as then existing permitted indeterminate sentences only in case of first offenders. (*People* v. *Simon,* 178 App. Div. 660.) It is stated in the return that by virtue of the provisions of sub-

division 4-a of section 230 of the Correction Law his fifteen years' definite sentence became an indeterminate sentence, the minimum of which became ten years and the maximum of which became fifteen years.

Relator asserts that when such subdivision was enacted (Laws of 1933, chap. 510), he had already served the greater part of his fifteen-year term less earned computation and commutation allowance and that his original sentence of fifteen years less appropriate deductions expired on September 19, 1933; that his right under a definite sentence to shorten his term by good behavior and efficient work, was a statutory right which existed when he was sentenced; that it was more favorable than the rights afforded under an indeterminate sentence, and that he could not be deprived of such rights by subsequent legislation. The difficulty is that under the Correction Law the right to release on parole and to a shortened term for good behavior and efficient work performed has always been an act of grace and favor and not a right. (*People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239.) Any subsequent legislation, therefore, relative to the exercise of such favor or grace, affords no basis for relief on the ground that it is *ex post facto*. (*People ex rel. Ross* v. *Lawes*, 242 App. Div. 638; *People ex rel. Mongno* v. *Lawes*, 225 id. 193; *People ex rel. Parker* v. *Brophy*, 244 id. 880.) His term, therefore, did not expire on September 19, 1933.

Relator refers to certain papers and proceedings relative to the matter of his parole and discharge which are not printed and set forth as part of the record on appeal, but even if they were properly before us for consideration and their nature and contents were as he claims them to be, he would not thereby be in a more favorable position here as to the matter of release.

The record shows that his name was reported to the Governor upon a commutation sheet dated May 31, 1933, and that pursuant to such report the Governor under date of June 17, 1933, reduced the minimum sentence of relator in accordance with the recommendations of the Board and fixed the date of expiration of his minimum term as October 3, 1932, " in order that he may apply to the Board of Parole for State Prisons for parole in accordance with the provisions of the law and the rules and regulations governing parole under the conditions that he does not offend against the laws of the State or the rules of the prison, and willingly and efficiently performs the duties assigned to him, prior to his release on parole."

Section 215 of the Correction Law provides for the making of rules governing parole which may provide, among other things, that the parolee shall abandon evil associates and ways.

Pursuant to the Governor's commutation, relator signed a parole agreement accepting the conditions thereof and agreeing to avoid evil associates and questionable resorts, and was released on September 19, 1933. Without enumerating the details of his subsequent history, it appears that he had been adjudged a parole violator and the Board has determined that he be held for his full maximum term less compensation, the date of expiration of which is November 18, 1938. The discretionary action of the Board in revoking relator's parole and ordering his retaking is not disputed, and such discretionary action is not subject to review in this proceeding. (*People ex rel. LaPlaca* v. *Heacox,* 238 App. Div. 217, and cases therein cited.)

Relator says that the Board had no authority to release him as an indeterminate sentenced prisoner; that the power of the Governor to grant statutory commutation and compensation is limited by the provisions of the Correction Law relating to definite sentences. The Governor, however, has power under the Constitution, superior to the Correction Law, as to commutations and pardons, and may attach conditions thereto. Relator was not compelled to accept parole under the conditions tendered, but he did thus accept. This was the only authority for his release. Without such parole his lawful period of detention in prison had not expired. (See *People ex rel. Ross* v. *Lawes, supra; People ex rel. Mongno* v. *Lawes, supra; People ex rel. Ross* v. *Wilson,* 275 N. Y. 169.)

As the term of the original sentence has not expired, and will not expire until November 18, 1938, and the Board has exercised its discretion and ordered that he serve the maximum term because of his delinquency and violation of parole, he is properly detained and the writ was properly dismissed.

The order should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, with costs.