THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACK KLEIMAN, Indicted as RALPH BARNES, Respondent, against WALTER B. MARTIN, as Warden of Attica State Prison, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. — Orders reversed on the law, without costs of this appeal to any party, writ dismissed, and relator remanded to the custody of the Warden of Attica State Prison, Attica, N. Y. Memorandum: On August 2, 1928, relator was sentenced by the Court of General Sessions, New York County, to serve an indeterminate term of not less than five years nor more than ten years in State prison upon his plea of guilty to the crime of robbery, in the third degree, which crime was committed on April 17, 1928. He was paroled on August 29, 1932. On November 30, 1937, while on parole, the relator was convicted in a Federal court in the State of Ohio of the crime of forging government checks, a crime which if committed in this State, would constitute a felony, and was sentenced to a term of two years in the Federal penitentiary at Lewisburg, Pennsylvania.

Relator was declared delinquent by the Board of Parole of this State as of September 30, 1937. After serving his sentence in the Lewisburg penitentiary, relator was returned to prison in this State on August 7, 1939, and was charged by the Board of Parole with all of the time of his previous sentence unserved at the time of his release on parole, amounting to five years, seven months and thirteen days. By order entered November 25, 1944, in the Wyoming County Clerk's office, the County Court of that County sustained a writ of habeas corpus granted by the County Judge and directed relator's release from prison. From this order the State appeals. Since relator was sentenced after July 1, 1928, he was subject to the provisions of section 219 of the Correction Law (§§ 219, 223, added to Prison Law by L. 1928, ch. 485). The fact that relator's crime was committed on April 17, 1928, did not render said section 219 *ex post facto* as to him. (*People ex rel. Cerzosie* v. *Warden, etc.*, 223 N. Y. 307.) Nor can the amendments to said section 219 after relator's conviction and sentence and before he was paroled, be said to be *ex post facto* as to him. (*People ex rel. Kurzynski* v. *Hunt*, 250 App. Div. 378; *People ex rel. Kleinger* v. *Wilson*, 254 App. Div. 406; *People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239; *People ex rel. Ingenito* v. *Warden, etc., Auburn Prison*, 267 App. Div. 295, affd. 293 N. Y. 803.) All concur. (The order sustains the writ of habeas corpus and discharges relator from custody.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.