THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEREMIAH J. SULLIVAN, Respondent, against HARRY T. ASHWORTH, as Warden of the Penitentiary at Rikers Island, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, December 14, 1945.

*Saul A. Shames* of counsel (*Howard F. Danihy* with him on the brief; *Orrin G. Judd, Solicitor-General, Nathaniel L. Goldstein, Attorney-General*), for appellants.

*James D. C. Murray* of counsel (*Daniel Kirchman* with him on the brief), for respondent.

*Per Curiam.* Respondent, having been convicted of the crime of murder in the second degree, in the Supreme Court, Kings County, on March 25, 1918, was sentenced to an indeterminate term in a State prison of not less than twenty years nor more than life imprisonment. A commutation of the sentence was granted by the Governor of the State on the 28th day of May, 1928, commuting the punishment to imprisonment for " 10 years 2 months 20 days, minimum; life maximum." Thereafter, on December 30, 1930, a pardon was granted restoring respondent's right to citizenship.

The commutation reduced only the minimum sentence imposed, and did not affect the maximum. Therefore, the sentence remained an indeterminate one, and the relator was subject to the jurisdiction of the Parole Board until the expiration of the maximum term (*People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239; *People ex rel. Page* v. *Brophy,* 248 App. Div. 311; *Matter of Bitz* v. *Canavan,* 257 App. Div. 247).

Heretofore it was decided (*People ex rel. Sullivan* v. *Barr,* 236 App. Div. 721, affd. 260 N. Y. 582) that the pardon and restoration of citizenship did not deprive the Parole Board of jurisdiction over relator.

The order appealed from should be reversed, the writ of habeas corpus dismissed and the relator remanded to custody subject to the rules of the State Board of Parole.

MARTIN, P. J., DORE, COHN, CALLAHAN and PECK, JJ., concur.

Order unanimously reversed, the writ of habeas corpus dismissed and the relator remanded to custody subject to the rules of the State Board of Parole. Settle order on notice.