Appeal from an order and declaratory judgment of the Supreme Court, Albany County. Plaintiff was convicted of the crime of robbery in the first degree, and sentenced to a definite term of forty years as a second offender. Subsequently his sentence was reduced, by the allowance of commutation time on the action of the Governor in accordance with the report of the Warden of Sing Sing Prison, and he was released subject to the jurisdiction of the Parole Board. Plaintiff contends that the condition attached to his release, requiring him to remain under the jurisdiction of the Parole Board, was illegal, and not in conformity with the Prison Law as it existed at the time he committed the crime. This contention rests upon the assumption that in granting commutation the Governor acted pursuant to the Correction Law rather than by virtue of his power under the State Constitution. The issue raised by plaintiff is not an open question in our opinion. The exercise of the Governor’s discretion and power to grant commutations, unless illegal or impossible conditions are attached, is not subject to judicial review, or an examination to determine whether he acted under a statute or otherwise. He may, if he so chooses, adopt statutory procedure and still act under his constitutional prerogative. (People ex rel. Boss V. Wilson, 250 App. Div. 143, revd. on other grounds 275 N. Y. 169; People ex rel. Boss v. Lawes, 227 App. Div. 464; People ex rel. Mongno v. Lawes, 225 App. Div. 193.) Order and judgment affirmed, without costs. All concur. [188 Misc. 325.] [See post, p. 971.]