■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTONIO VANILLA, Respondent, against WILFRED L. DENNO, as Warden of Sing Sing Prison, et al., Appellants.— Appeal from an order sustaining a writ of habeas corpus and directing that respondent be released from custody. Order affirmed, without costs. No opinion. Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to reverse the order and to remit the proceeding to the Special Term for disposition after a determination of the issues raised by the denials in respondent's answer to the Warden's return (Civ. Prac. Act,

§ 1259), with the following memorandum: On March 17, 1924 respondent was found guilty in the County Court, Kings County, as a second felony offender, of robbery in the first degree committed on November 30, 1920 and was sentenced to a definite term of 40 years, which term would expire on January 26, 1964. He was subsequently released from prison on a warrant of the Governor on August 7, 1940, having been granted a diminution of sentence, by commutation (17 years, 11 months, 9 days) and compensation (5 years, 6 months, 10 days). The warrant provided, *inter alia,* that the respondent "shall live and remain at liberty without violating the law, and be subject to the jurisdiction and control of the board of parole as provided in article eight of the correction law". On his release from prison he executed a release agreement with the Board of Parole by which he accepted that jurisdiction. It is alleged in the return and denied by respondent that on September 16, 1957 respondent was taken into custody for violation of parole, that thereafter further investigation was had by the Board of Parole for the purpose of determining whether reasonable cause existed to believe that respondent had violated his parole, and that he was returned to Sing Sing Prison. It is further alleged, and to some extent denied, that the Board of Parole at its meeting of November 21, 1957 determined that respondent had failed to comply with parole conditions, that the Board of Parole fixed delinquency as of September 16, 1957, and that respondent had a hearing before the Board of Parole and on December 13, 1957 was notified of its decision to hold him for the September, 1959 meeting for further hearing. The Special Term sustained the writ and held that respondent was entitled as a matter of right, pursuant to statutory provisions as they existed when respondent committed the crime for which he was sentenced, to an earned credit in reduction of his sentence of 5 years, 6 months and 10 days for compensation for efficient and willing performance of duties assigned to him while confined in prison prior to his release on parole on August 7, 1940, and that such credit, once given to him, could not thereafter be taken from him. In my opinion, the writ should not have been sustained. Under the statutes, as they existed at the time when the crime was committed and when respondent was released pursuant to the Governor's warrant, the allowance of credit in diminution of a sentence for good behavior and efficient performance of duties assigned was an act of clemency and not of right (cf. *People ex rel. Kleinger* v. *Wilson,* 254 App. Div. 406), and, as the record discloses, the credit given respondent on his release was allowed conditionally. In commuting sentences the Governor acts under a constitutional grant of authority which may not be limited by statute (*People ex rel. Page* v. *Brophy,* 248 App. Div. 309), and when he does so he may impose such conditions as he may think proper (N. Y. Const., art. IV, § 4). He acted within his authority when he imposed the condition upon which respondent was released that respondent be subject to the jurisdiction of the Board of Parole, and that condition was accepted by respondent. Consequently he may not complain if, as is alleged, he has been required by the board on a finding that he had violated his parole to await within the prison walls a further hearing in September, 1959 (cf. *People ex rel. Schlechter* v. *Jennings,* 130 Misc. 748, affd. 223 App. Div. 814; *Vanilla* v. *Moran,* 188 Misc. 325, affd. 272 App. Div. 859, affd. 298 N. Y. 796; *People ex rel. Ross* v. *Wilson,* 275 N. Y. 169). There is no merit to respondent's argument that neither the Governor's warrant nor the release agreement authorized forfeiture of compensation, except upon the subsequent commission of a felony. If respondent had committed a felony after his release on parole and while still subject to the jurisdiction of the Board of Parole, service of the remainder of his term without benefit of compensation or commutation theretofore

granted would have been mandatory. For any other violation of the terms of his parole, the Board of Parole could require him, in their discretion, to serve out in prison the balance of the maximum term for which he was originally sentenced calculated from the date of delinquency, or such part thereof as it might determine (Correction Law, § 218). Neither may respondent's argument be sustained that his return to and detention in prison constitutes punishment under ex post facto laws. Even if it be assumed that respondent is confined pursuant to statutory amendments enacted after the commission of the crime for which he was sentenced, and not for a breach of the conditions imposed by the Governor under his constitutional authority, that assumption would not avail respondent. The conditions imposed by the amendments to the statutes were not ex post facto in their nature (*People ex rel. Schlechter* v. *Jennings, supra*; *Vanilla* v. *Moran, supra*; *People ex rel. Mongno* v. *Lawes*, 225 App. Div. 193).